IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-158 |
| | ) | |
| PHYSICIAN PRACTICE GROUP and | ) | |
| PATRICIA PRESSLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on February 24, 2011, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 4.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen. (Doc. no. 5.)

I. **BACKGROUND**

Liberally construing Plaintiff's amended complaint, the Court finds the following. Plaintiff, who is African-American,[1] is a former employee of Defendant Physician Practice Group. (Doc. no. 5, p. 5.) Plaintiff alleges that on November 20, 2009, an incident took place in which her former supervisor, Defendant Pressley, scolded Plaintiff for being away from her post while a customer was awaiting service. (Id.) Plaintiff further alleges that Defendant Pressley grabbed Plaintiff's right arm, pushed Plaintiff into her cubicle, and punched Plaintiff on the arm. (Id. at 6.) Plaintiff reported this incident to another employee, who asked if Plaintiff would like to file a charge. (Id.) Plaintiff chose to file a charge, following which a different employee from the human resources department made inquiries regarding the incident. (Id. at 6-7.) Defendant Pressley was warned against placing her hands on other employees and instructed to apologize to Plaintiff. (Id. at 7.) Several months after the incident took place, Plaintiff's employment with Defendant Physician Practice Group was terminated.[2] (See id. at 5.)

Plaintiff asserts that Defendant Physician Practice Group did not respond to the incident between Plaintiff and Defendant Pressley in a professional manner. (Id. at 7.) Plaintiff further complains that, in spite of the November 20th incident, Defendant Pressley

---

[1] While Plaintiff sets forth no allegations as to her race, it is apparent from a letter from the Equal Employment Opportunity Commission ("EEOC") attached to her amended complaint that she is African-American and that her EEOC charge was based on allegations of racial discrimination and retaliation. (See doc. no. 5, p. 9.)

[2] Although Plaintiff does not set forth allegations relating to her termination in her amended complaint, she stated in her original complaint that her employment was terminated on June 3, 2010, and that the reason given for her discharge was unsatisfactory work performance. (Doc. no. 1, p. 5.)

2

remains employed by Defendant Physician Practice Group, while Plaintiff does not. (Id. at 5.) Plaintiff seeks to recover lost wages and back pay pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Id.) Plaintiff filed a charge with the EEOC regarding her claims in this action, and was issued a right to sue letter on September 14, 2010. (Id. at 8.)

## II. DISCUSSION

### A. Defendant Pressley Not Subject to Liability Under Title VII

Plaintiff has attempted to state a Title VII claim against her supervisor, Defendant Pressley, for the actions described above. However, supervisory employees such as Defendant Pressley cannot be held liable under Title VII in their individual capacities. Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995) ("Individual capacity suits under Title VII are . . . inappropriate." (quoting Busby v. City of Orlando, 931 F.2d 764, 773 (11th Cir. 1991))). Rather, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Id. Moreover, where a plaintiff has named her employer as a defendant, a supervisory employee named as an agent of the employer (i.e., sued in her official capacity) may properly be dismissed, as any recovery will be obtained from the employer, making the supervisor an unnecessary party to the suit. Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp.2d 1260, 1267 (M.D. Ala. 2008) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action.").

Here, Plaintiff does not specify whether she seeks to proceed against Defendant Pressley in her individual or official capacity. However, Defendant Pressely should be

3

dismissed from this action in either case, as she may not be sued in her individual capacity under Title VII and is subject to dismissal if sued in her official capacity in light of the fact that Plaintiff has named her employer as a Defendant.

### B. Failure to State a Claim Under Title VII

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all inferences to be derived from the facts alleged, the Court finds that the amended complaint fails to state a claim under Title VII.

First, Plaintiff has failed to state a claim for discrimination based on disparate treatment. Absent direct evidence of discrimination, to make a prima facie case of disparate treatment in a Title VII discrimination case, Plaintiff must show: (1) that she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job. Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006) (citing EEOC v. Joe's Stone Crab Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)).[3]

Here, it is apparent that, as an African-American woman, Plaintiff is a member of a protected class. Moreover, she has alleged that her employment was eventually terminated, which qualifies as an adverse employment action. See id. However, Plaintiff's pleadings

---

[3]The Court is aware that Plaintiff is not required to plead his discrimination claim with heightened specificity. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 550 U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" (quoting Bell Atl. Corp., 550 U.S at 557)).

4

are devoid of any allegations suggesting that her former employer, Defendant Physician Practice Group, treated similarly situated employees outside of her protected class more favorably than she was treated.[4] Plaintiff fails to set forth any facts regarding the race of the other employees mentioned in her complaint, including Defendant Pressley. (See generally doc. no. 5.) Likewise, Plaintiff fails to provide any facts suggesting that Defendant Pressley or any other employee was similarly situated to her or treated more favorably than she was treated. (Id.) For example, Plaintiff's averment that Defendant Pressley was verbally reprimanded for hitting and pushing Plaintiff whereas Plaintiff was later discharged for unsatisfactory performance does not amount to a claim that Plaintiff and Defendant Pressley were "involved in or accused of the same or similar conduct and [were] disciplined in different ways." Burke-Fowler, 447 at 1323. In short, Plaintiff has not alleged any facts suggesting that she was treated differently from a similarly situated employee outside her protected class. Accordingly, she fails to state a Title VII claim for discrimination based on disparate treatment.

Furthermore, Plaintiff has failed to state a Title VII claim for retaliation. "To establish prima facie case of retaliation under Title VII, 'the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events.'" Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (quoting Meeks v. Compuster Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994)). "Statutorily protected expression" refers

---

[4]In its February 24, 2011 Order, the Court explained to Plaintiff the deficiencies in her original complaint, including the fact that she failed to allege having been treated less favorably than a similarly situated person outside her protected class. (Doc. no. 4, p. 3 n.1.)

5

to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment. See 42 U.S.C. § 2000e-3(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Here, Plaintiff has not alleged that she engaged in statutorily protected expression.[5] While she appears to assert that her employment was terminated because she leveled a complaint against Defendant Pressley with human resources, the basis for that complaint was the fact that Defendant Pressley had punched her arm and shoved her. (See doc. no. 5, pp. 5-7.) Shoving and punching among employees, absent any element of discrimination, is not a practice made unlawful by Title VII. Indeed, the Eleventh Circuit has made it clear that "[u]nfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII." Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995) (concluding that plaintiff failed to establish prima facie case of retaliation where she had submitted grievance with employer that did not involve a complaint of discrimination). Accordingly, Plaintiff has failed to set forth allegations sufficient to state a Title VII retaliation claim.

In sum, Plaintiff's allegations fail to state a claim under Title VII. Accordingly, her amended complaint should be dismissed.

## III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that

---

[5] As with her disparate treatment claim, see supra note 4, the Court explained to Plaintiff in its February 24th Order that her original complaint had failed to allege that her internal complaint against Defendant Pressley involved any element of discrimination. (Doc. no. 4, p. 3 n.2.)

Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of April, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE